## Fisher et ux. v. Diehl et al.

*Richard Henry Klein*, for plaintiffs.
*Whitmer & Rice*, for defendants.

CUMMINGS, J., February 9, 1942.—This action in trespass was brought by Maurice F. Fisher and Louise Fisher, his wife, against Richard S. Diehl, individu-

ally and trading as Hartleton Garage, and Richard S. Diehl, individually and trading as Diehl's Chevrolet Company, for the recovery of damages caused by an automobile collision, in which the motor vehicle of Maurice F. Fisher, one of plaintiffs, and that of defendant, were involved, resulting in damages to Maurice F. Fisher and Louise Fisher, his wife.

The proceeding under consideration is a rule taken on the part of defendant to show cause why the action instituted by Maurice F. Fisher, in his own right, should not be severed from the action instituted by Louise Fisher, his wife.

Defendant assigns as the reason he desires to join Maurice Fisher as an additional defendant that "the said Maurice F. Fisher, as an additional defendant, is solely and exclusively liable for the collision and the resultant injuries", or "if there was any negligence on behalf of the defendant, the negligence of Maurice F. Fisher, one of the plaintiffs, was a major and contributing factor and [he] was jointly negligent with the defendant for the injuries received by Louise Fisher, his wife, one of plaintiffs." Defendant, Richard S. Diehl, to protect his right of contribution against Maurice F. Fisher, if it is determined there is any liability on him (Richard S. Diehl), desires the joinder of Maurice F. Fisher as an additional defendant in the action by Louise Fisher for the recovery of damages for injuries to her person. In order to permit the joinder of Maurice F. Fisher as an additional defendant and to avoid prejudice to the defendant, the severance of the causes of action of Maurice F. Fisher as plaintiff and Louise Fisher, as plaintiff, is requested.

The petition for leave to join Maurice F. Fisher as an additional defendant denies liability on the part of defendant for the damages claimed, and alleges that the collision between the motor vehicles, resulting in the injuries to Louise Fisher, one of the plaintiffs, was caused through and by the negligence of Maurice F.

Fisher, and if it is determined there is any liability on the part of defendant, Richard S. Diehl, defendant desires the joinder of Maurice F. Fisher as an additional defendant, in the action by Louise Fisher for damages for injuries to her person. The joinder of Maurice F. Fisher as an additional defendant is desired in order to protect defendant's right of contribution from Maurice F. Fisher, with respect to the cause of action declared upon.

The question, therefore, is whether the court has a right to join Maurice F. Fisher as additional defendant, if the effect is to permit a recovery by Louise Fisher, his wife, against him. For the above purpose, this cannot be done.

The allegation in the petition, without more, that there was sole liability on the part of Maurice F. Fisher would prevent his being joined as an additional defendant. However, the petition alleges, in addition, joint liability with defendant on the part of Maurice F. Fisher, and that the joinder is only for the purpose of protecting the original defendant's right to contribution. Under these circumstances, joinder of. Maurice F. Fisher, as additional defendant, is right and equitable. It is the duty of the court, however, to see that the rights of the parties are preserved and to control any execution that might be issued on any judgments rendered, so that Louise Fisher may recover only from the original defendant, Richard S. Diehl, and that the said Richard S. Diehl, original defendant, may obtain only contribution from Maurice F. Fisher.

This is in accordance with the decision of Morris et al. v. McKinley et al., 33 D. & C. 696 (Reader, P. J., Beaver County), and Howe et al. v. Morris Rotham, C. P. Philadelphia County (MacNeille, J.). The rules, therefore, should be made absolute, as follows:

### Order

Now, to wit, February 9, 1942, the rule of defendant to sever the action instituted by Maurice F. Fisher

against the original defendant from the action instituted by Louise Fisher, his wife, against the original defendant, is made absolute; the rule to join Maurice F. Fisher, as an additional defendant, in the action brought by Louise Fisher, his wife, against the original defendant, is also made absolute, insofar as he may be jointly liable with the original defendant.